## Case No. 1,865.

### The BRIDGEWATER.

[Olcott, 35; 11 Hunt, Mer. Mag. 268.][1]

District Court, S. D. New York. Feb. Term, 1844.

SHIPPING—ACTION ON BOTTOMRY BOND—EVIDENCE.

1. In an action upon a bottomry bond, the production and proof of the execution of the bond will not entitle the libellant to a decree in his favor. He must prove, to the satisfaction of the court, a necessity for the expenditures for which the money was advanced. The libellants should exhibit an account of the items of expenses for repairs, supplies, &c., that the court may judge whether they were necessary for effectuating the objects of the voyage.

2. A bond may be good in part and bad in part, and the court will, upon the evidence in the cause, give judgment for the whole or part of such bond, as the proofs may show to be equitable and right.

[See The Packet, Case No. 10,654; The Virgin v. Vyfhius, 8 Pet. (33 U. S.) 538; Furniss v. The Magoun, Case No. 5,163.]

[In admiralty. Libel against the brig Bridgewater. Decree for libellant.]

Mr. Benedict, for libellant.

Mr. Wilson, for claimant, cited [The Aurora] 1 Wheat. [14 U. S.] 96; [The Virgin v. Vyfhius] 8 Pet. [33 U. S.] 538; [Foster v. Neilson] 2 Pet. [27 U. S.] 290; Bee, 120 [Tunno v. The Mary, Case No. 14,237]; 1 Wash. C. C. 49; [The Lavinia v. Barclay, Case No. 8,125].

BETTS, District Judge. The libel in this case was articled upon an instrument in writing, purporting to be a bottomry bond, dated September 17, 1843, executed by the master, at Pensacola, for $2,179.18. He drew, also, a bill of exchange the same day

for the same amount, upon the owner at Philadelphia. The claim is resisted, on the ground that the money was not obtained for the necessities of the ship and voyage. The claimant intervenes, as prior mortgagee, for $4,632.50. The brig was owned in Philadelphia.

No evidence was produced on the part of the libellant at the hearing in support of consideration of the bottomry, and it being considered by the court that it is incumbent on the libellant to prove an apparent necessity for the expenditures and advances covered by the bond, further time was allowed on his motion to "present proofs to establish its validity." On the subsequent hearing, the libellant offered evidence conducing to show that the brig arrived at the port of Pensacola needing repairs, and that the libellant advanced moneys to the master for that purpose, and for her necessary supplies. It was further shown, that the brig was hypothecated by the master to secure the bill of exchange above mentioned, drawn for $2,179.18.

The master of a vessel, as agent of the owner, has the right to contract for repairs and supplies necessary for her abroad, and he may hypothecate her, as well as the freight, for the security of the credit, with maritime interest thereon. But the bond is not of itself adequate proof of the necessity for such hypothecation; that must be shown aliunde. In suits on bottomry bonds, the libellant must prove by evidence, other than the bond itself, that the money was lent, or the repairs made, and materials furnished to the amount claimed, and that they were necessary to enable the vessel to perform the voyage, or for her safety, and could not be obtained otherwise upon the credit or with the means of the owner. He must also exhibit an account of the items advanced, with sufficient proof to support them, to enable the court to judge of their necessity. Crawford v. The William Penn [Case No. 3,373]; Hurry v. The John and Alice [Id. 6,923]; Boreal v. The Golden Rose [Id. 1,658]; The Aurora, 1 Wheat. [14 U. S.] 96.

In Clark v. Laidlaw the court say, the interest of ship owners would be put in great jeopardy if they were bound to pay any bill drawn upon them, or a bottomry bond given by the master, without requiring proof of the circumstances which authorized the master to obtain money in a foreign port on the credit of his owners. 4 Rob. (La.) 345.

No adequate proof has been offered on the part of the libellant of the amount actually advanced by him, nor has he produced to the court, as he ought to have done, an account of the items of the loan. The evidence may fairly be deemed to prove that $350, obtained from the libellant, was used by the master in Pensacola for the necessities of the brig and her voyage. The

[1] [Reported by Edward R. Olcott, Esq.]

application of the residue of the loan is unaccounted for. The master was owner of one-eighth of the vessel, and if he might hypothecate her to the amount of his interest, irrespective of her necessities, it is not proved that his interest would be of any value after satisfaction of the amount covered by the bottomry debt. The present decision will, therefore, regard nothing more than the actual bottomry debt. A bottomry bond may be good in part and bad in part, and will be sustained by the court, so far as it rests on a fair bottomry loan. The Rachel [The Packet, Case No. 10,654]. Upon the proofs before me, I am satisfied that no more than the sum of $350 was expended upon the brig, or was required to supply her actual necessities at the time of the hypothecation. To that extent the vessel is chargeable to the libellant on the bottomry security. He is accordingly entitled to a decree for the sum of $350, with maritime interest thereon from the date of the bond. That sum not having been tendered him, he is also entitled to recover full costs, to be taxed. A decree in his favor for such amount will accordingly be entered.